UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCIO NAVARRETE – PURECO, an individual; MARIA AURELIA DESANTIAGO, and Individual,<br><br>Plaintiffs,<br><br>v.<br><br>TOM GULLICKSON, INC.; DOES I through X; and ROE CORPORATIONS I through X, inclusive; STEVEN ALAN HIPWOOD, and individual,<br><br>Defendants. | Case No. 2:24-cv-01719-GMN-MDC<br><br>**ORDER SANCTIONING PLAINTIFFS FOR FAILING TO SHOW CAUSE** |

On April 18, 2025, the Court issued an *Order to Show Cause* (ECF No. 24) directing plaintiffs show cause, if any, why they should not be sanctioned for failing to comply with the Court's Standing Order (ECF No. 12). The Court's *Order to Show Cause* required plaintiffs to respond and show cause by no later than May 2, 2025. Foremost, plaintiffs did not comply *Order to Show Cause* and did not file the requested response by May 2, 2025, but instead filed it on May 6, 2025 (ECF No. 27). Plaintiffs' response did not articulate any reasons why plaintiffs were unable to timely respond. Substantively, plaintiffs failed to show cause. Accordingly, plaintiffs are sanctioned to pay defendants' reasonable attorneys' fees and costs in connection with defendants' *Stipulation Regarding Discovery Dispute* (ECF No. 20).

**I.      PLAINTIFFS FAILED TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED**

To resolve discovery disputes more effectively and expeditiously, the Court entered a *Standing Order* (ECF No. 12) on December 18, 2024. Among other things, the *Standing Order* sets forth the

process for resolving discovery disputes, which includes filing a *Stipulation Regarding Discovery Dispute* in which the parties present their dispute and their respective positions as follows:

### B.   Discovery Disputes

Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:
  1. If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.
  2. If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:
     i. A brief, joint summary of the discovery dispute not to exceed one (1) page;
     ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests. This may be done in single-spaced, 10-font.
     ii. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention. This joint meet-and-confer summary may not exceed two (2) pages.
     iii. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.
     v.   Each side must make a proposal of compromise or resolution of the disputed discovery (*e.g.*, request, interrogatory, deposition question). The proposal may not exceed two (2) pages per side.

*Standing Order, ECF No. 12.*

Plaintiffs refused to comply with the *Standing Order*. On April 2, 2025, defendants filed a unilateral *Stipulation Regarding Discovery Dispute* (ECF No. 20) regarding a dispute over defendants' untimely responses to plaintiff's requests for admissions. Summarizing its meet and confer efforts,

defendants stated that plaintiffs refused to participate in the *Stipulation Regarding Discovery Dispute* because they believed the matter was not a "discovery dispute." *ECF No. 20*.

The Court granted the stipulation and allowed defendants leave to serve their responses to plaintiffs' requests for admission and ordered plaintiffs to show cause (ECF No. 24), if any, why they should not be sanctioned for failing to comply with the *Standing Order*. The Court's *Order to Show Cause* advised plaintiffs that their belief the matter was not a "discovery issue" was not grounds to refuse to comply with the Court's Standing Order:

> According to defendants, plaintiff Navarrete-Pureco does not believe that this issue is a discovery matter. Id. at 2. Plaintiffs had an opportunity to either join Stipulation Regarding Discovery Dispute and state their position or file a response/opposition.
>
> ****
>
> To the extent plaintiffs believed that this issue was outside the scope of a discovery matter or not subject to the Court's Standing Order, plaintiffs should have raised such an issue either in the Stipulation Regarding Discovery Dispute or in an Opposition thereto. *See, e.g., Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.")

*ECF No. 24 at 2*.

The Court then provided plaintiffs with an opportunity to show cause, if any, why they should not be sanctioned for failing to comply with the Standing Order. *ECF No. 24*. The Court expressly directed plaintiffs to file their response to the *Order to Show Cause* by May 2, 2025. *Id.*

Plaintiffs did not comply with the *Order to Show Cause* and did not file their response by May 2, 2025. Plaintiffs instead responded on May 6, 2025, with a conclusory, unsworn declaration of counsel E. Breen Arntz.[1] *EFC No. 27*. Mr. Arntz's declaration provides no reason why plaintiffs' response was

---

[1] Mr. Arntz's declaration also fails to comply with 17 U.S.C. ¶1746, which requires unsworn declarations executed within the United States to state and certify; "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." *Id.*

3

untimely or why plaintiffs were unable to respond by May 2, 2025, as directed by the *Order to Show Cause*. In sum, Mr. Arntz's untimely declaration is not responsive to the *Order to Show Cause*.

Mr. Arntz simply restates plaintiffs' belief that the dispute regarding defendants' untimely responses to requests for production is not discovery dispute and that it does not agree to allow defendants to supplement their responses to plaintiffs' requests for admissions. *ECF No. 27*. Foremost, this not satisfactory because the Court's *Order to Show Cause* necessarily apprised plaintiffs that the Court considered the matter to be a discovery dispute and subject to the Court's Standing Order, which required the parties to submit a *Stipulation Regarding Discovery Dispute* identifying the dispute and parties' respective positions.

Substantively, Mr. Arntz does not state why plaintiffs refused to state that position (*i.e.* that plaintiffs did not agree the matter was a "discovery dispute") in the *Stipulation Regarding Discovery Dispute*, file an opposition to the *Stipulation Regarding Discovery Dispute*, or otherwise participate in the dispute resolution process mandated by the Standing Order. Mr. Arntz does not address plaintiffs' obligations under *Maness v. Meyers*, 419 U.S. 449, 95 S. Ct. 584, (1975), to comply with a court order even if it disagrees with the order, as prompted by the *Order to Show Cause*. Mr. Arntz does not discuss the Court's Standing Order at all and appears to have also failed to familiarize himself with the order (*e.g.*, stating "[t]o my knowledge, no discovery motion or dispute has been filed with this court," when the defendants' *Stipulation Regarding Discovery Dispute* at ECF No. 20 is the discovery dispute resolution mechanism required by the *Standing Order*).

Ultimately, plaintiffs' sole excuse for noncompliance is that they disagreed they were obligated to comply with *Standing Order*. In *Maness*, the Supreme Court cautioned counsel and parties:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled

4

>incorrect…. The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings….[O]rders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial…. This does not mean, of course, that every ruling by a presiding judge must be accepted in silence. Counsel may object to a ruling. An objection alerts opposing counsel and the court to an issue so that the former may respond and the latter may be fully advised before ruling…. But, once the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders. While claims of error may be preserved in whatever way the applicable rules provide, counsel should neither engage the court in extended discussion once a ruling is made, nor advise a client not to comply….A lawyer who counsels his client not to comply with a court order during trial would, first, subject his client to contempt, and in addition, if he persisted the lawyer would be exposed to sanctions for obstructing the trial. Remedies for judicial error may be cumbersome but the injury flowing from an error generally is not irreparable, and orderly processes are imperative to the operation of the adversary system of justice.

*Id.*, 419 U.S. at 458–60, 95 S. Ct. at 591–92.

## II.     SANCTIONS ARE APPROPRIATE

Because plaintiffs failed to show cause and substantively and timely respond to the *Order to Show Cause*, sanctions are appropriate. The Court has wide authority and "broad discretion to impose sanctions." *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). Under Fed. R. Civ. P. 16(f)(1), the Court may impose any "just" sanctions, if a party or its attorney:

>(A) fails to appear at a scheduling or other pretrial conference;
>(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>(C) fails to obey a scheduling or other pretrial order.

*Id.*   A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

The Court may also impose "any and all appropriate" sanctions under Local Rule IA 4–1. *Id.* Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, n. 13 (1991) (there is no indication in Rule 16 "of an intent to displace the inherent power, but rather simply to provide courts with an additional tool by which to control the judicial process."). Such sanctions include imposes reasonable fees and costs for failing to comply with magistrate judge's pre-trial orders. *CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013).

Therefore, the Court directs defendants' counsel to file a declaration of reasonable fees and costs incurred in connection with the *Stipulation Regarding Discovery Dispute* (ECF No. 20) by June 13, 2025. Plaintiffs may file a response to the fees and costs declaration by June 20, 2025, if they believe the requested fees and costs are not reasonable.

Defendants' declaration of reasonable fees and costs should address the following factors:
> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC*, 2013 WL 6388760, at *1 (internal quotations and citations omitted).

### III.   CONCLUSION

For the foregoing reasons, plaintiffs did not show cause why they should not be sanctioned for failing to comply with the Court's *Standing Order* (ECF No. 12) and are sanctioned to pay defendants' reasonable attorneys' fees and costs incurred by defendants in connection with the *Stipulation Regarding Discovery Dispute* (ECF No. 20).

//

**ORDER**

**IT IS ORDERED** that:

(1) Plaintiffs are **SANCTIONED** for not complying with the Court's *Standing Order* (ECF No. 12);

(2) Plaintiffs shall pay defendants their reasonable attorneys' fees and costs incurred in connection with defendants' *Stipulation Regarding Discovery Dispute* (ECF No. 20);

(3) Defendants shall file a declaration of counsel of such reasonable fees and costs by **June 13, 2025**; and

(4) Plaintiffs may file a response to the fees and costs declaration by **June 20, 2025**, if they believe the requested fees and costs are not reasonable.

**IT IS SO ORDERED.**

Dated:  June 2, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge