UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCIO NAVARRETE – PURECO, an individual; MARIA AURELIA DESANTIAGO, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>TOM GULLICKSON, INC.; DOES I through X; and ROE CORPORATIONS I through X, inclusive; STEVEN ALAN HIPWOOD, and individual,<br><br>Defendants. | Case No. 2:24-cv-01719-GMN-MDC<br><br>**ORDER SANCTIONING PLAINTIFFS FOR FAILING TO SHOW CAUSE** |

On June 2, 2025, the Court issued an *Order Sanctioning Plaintiffs For Failing to Show Cause* (ECF No. 30). The sanction imposed was payment of defendants' reasonable attorney's fees and costs in connection with defendants' *Stipulation Regarding Discovery Dispute* (ECF No. 20). The order directed defendant to file a declaration of counsel regarding defendants' reasonable fees and costs by June 13, 2025, and provided for plaintiffs to respond to such declaration by June 20, 2025, if they believe the requested fees and costs were not reasonable. *ECF No. 30.* Defendants filed the requested declaration of reasonable fees on June 10, 2025 (ECF No. 31) and did not request any costs. Plaintiffs did not file a response.

**<u>Reasonableness of Defendants' Fees and Costs</u>**

Defendants filed a *Declaration* of counsel (ECF No. 31) setting forth $729.00 in fees in connection with defendants' Stipulation Regarding Discovery Dispute (ECF No. 20).

> The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. Courts typically follow a two-step process. First, a court must calculate the lodestar amount by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Second, the court may adjust the lodestar upward or downward

> using a "multiplier" based on factors not subsumed in the initial calculation. Some of the relevant factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, *1 (D. Nev. Dec. 5, 2013) (citations omitted).

### **Reasonable Hourly Rate (Customary Rate) For The Requisite Skill**

Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). The fee applicant has the burden of producing satisfactory evidence establishing the market rates, including declarations of counsel stating that the requested rates are in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. The opposing party "may introduce rebuttal evidence in support of a lower hourly rate." *Id.* (*citing Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001)). If the fee applicant does not meet its burden establishing the prevailing market rates, the Court may determine the rate based on its experience and knowledge of prevailing rates in the community. *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789 at *5 (C.D.Cal.2009)).

The Court finds that the hourly rates for defendants' counsel at $270 (ECF No. 31) are reasonable. Among other things, the Court has considered counsels' reputation and experience. Mr. Lowry has been practicing law in Law Vegas since 2007. Mr. Brown has been practicing in Nevada

since 2001. The Court also finds that the $270 hourly rate for defense counsel is reasonable based on the Court's experience and knowledge of prevailing legal assistant rates in the community. *See CLM Partners LLC*, 2013 WL 6388760, at *5; *see also Goldberg v. Barreca*, 2022 U.S. Dist. LEXIS 58172, at *7 (D. Nev. March 30, 2022) ("For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400.") (collecting cases). The Court further finds that plaintiff's counsel possessed the requisite skill to perform the documented services at issue.

### **Work Actually Performed / Reasonable Hours Expended**

In addition to evidence supporting the attorney fee rates claim, petitioner should also include evidence supporting the hours worked for the Court to determine if such hours were reasonably expended. *CLM Partners LLC,* 2013 WL 6388760, at *6 (citations omitted). The Court has broad discretion to in determining the reasonableness of hours claimed and to reduce the number of hours claimed. *Id.* Defendants' counsel has submitted evidence of the work actually performed in connection with defendants' Stipulation Regarding Discovery Dispute (ECF No. 20). Specifically, counsel reports 2.70 hrs. and identifies the (a) date; (b) description of service provided; (c) attorney providing the service; (d) hours spent; (e) description of the matter; and (f) hourly rate. *ECF No. 31*. The Court finds that such evidence is sufficient and that the hours expended are reasonable.

//
//
//
//
//
//
//
//

**CONCLUSION**

Plaintiffs did not respond to defendants' fees Declaration (ECF No. 31). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Hunt v. Zuffa*, 528 F. Supp. 3d 1180, 1186 (D. Nev. 2021)(*citing Moreno v. City of Sacramento,* 534 F.3d 1106, 1116 (9th Cir. 2008)). The Court, therefore, awards defendants *$729.00* in reasonable attorneys' fees against plaintiffs.

**ORDER**

Based on the foregoing and for good cause appearing,

**IT IS ORDERED and ADJUDGED** that plaintiffs shall pay defendants the total sum of **$729.00** by no later than **July 31, 2025**.

Dated: June 23, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge